UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FADY QUMSEYA d/b/a Conoco #19, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, THROUGH ITS AGENCY, THE UNITED STATES DEPARTMENT OF AGRICULTURE | ) ) Cause No. ) ) |
| | ) |
| Defendant. | ) |
| | ) |
| Serve: U.S. Department of Agriculture 1400 Independence Avenue, S.W. Washington, D.C. 20250 | ) ) ) ) |

## COMPLAINT

COMES NOW Plaintiff, Fady Qumseya, and for his Complaint for judicial review of the decision by the United States of America, acting through its agency, the United States Department of Agriculture ("USDA"), to withdraw authorization of Plaintiff and Plaintiff's store from participation in the Supplemental Nutrition Assistance Program, states as follows:

## PARTIES

1. Fady Qumseya is a Missouri resident who operates a gas station and convenience store located at 2401 Chambers Road, St. Louis, Missouri 63116 under the name Conoco #19 (the "Store").

2. Defendant USDA operates the Supplemental Nutrition Assistance Program ("SNAP") through its Food and Nutrition Service ("FNS").

**VENUE/JURISDICTION**

3. This matter involves the judicial review of the decision of USDA, through its FNS, to withdraw the Store's authorization to participate in the SNAP program. This Court has jurisdiction pursuant to 7 U.S.C. § 2023(13) and 7 CFR §279.7.

4. Venue is proper in this district pursuant 7 U.S.C. § 2023(13) and 7 CFR §279.7 in that the Store operates within the Eastern District of Missouri.

**PROCEDURAL HISTORY**

5. On August 22, 2018, Defendant notified Plaintiff that the USDA had Plaintiff and the Store from participation in the SNAP (the "Agency Decision"). A copy of the Agency Decision is attached hereto as Exhibit A. The purported basis for the Agency Decision was that the Store failed to meet Criterion A and B as set forth in 7 CFR 278.1(b)(1) (Ex. A). According to the USDA:

> Your firm fails to meet Criterion A because the store did not have the required number of staple food varieties and stocking units in the dairy and meat/poultry categories on July 17, 2018. Your firm also fails to meet Criterion B because your firm's staple foods comprise 50 percent or less of your annual gross retail sales.

(Ex. A).

6. Plaintiff timely appealed the Agency Decision on October 1, 2018, with the Administrative Review Branch of the USDA. A copy of the appeal letter (without exhibits) is attached hereto as Exhibit B. Plaintiff offered proof that on the date of the USDA's inspection – July 17, 2018 – the Store was undergoing construction to expand the coolers and refrigerated areas to better serve customers, and therefore, inventories of

perishable items had been reduced until construction was completed.  Both before and after construction, Plaintiff continuously met all requirements.

7. On January 30, 2019, the USDA denied the appeal by its decision dated January 30, 2019.  A copy of the USDA appeal decision is attached hereto as <u>Exhibit C</u>.

8. This Complaint is timely filed in that pursuant to 7 CFR § 279.7(a), the complaint must be filed "within 30 days after the date of delivery or service" of the Agency Decision.

9. Per 7 USC § 2023(15) and 7 CFR § 279.7(c), the suit in the U.S. District Court shall be a "trial de novo" by the court in which "the court shall determine the validity of the questioned administrative action."

## COUNT I – JUDICIAL REVIEW OF FINAL AGENCY DECISION

10. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-9 above.

11. The Agency Decision should be reversed because:

    a. The Store *did* meet Criterion A of 7 CFR 278.1(b)(1) in that it displayed a sufficient number of staple items "on a continuous basis";

    b. The USDA failed to produce evidence that the Store did not meet the elements of Criterion A of 7 CFR 278.1(b)(1) because the Store *did* display a sufficient number of staple items "on a continuous basis"; and

    c. The USDA denied the Store due process by failing to request or consider "documentation to determine if a firm stocks a sufficient amount of required staple food to offer for sale on a continuous basis where it is not clear

that the firm has made reasonable efforts to meet the stocking requirements," as set forth in 7 CFR 278.1(b)(1)(ii)(A).

WHEREFORE, Plaintiff requests that this Court set aside the Agency Decision, upheld on appeal by the USDA, and enter its own Order and Judgment that Plaintiff did meet the requirements of Criterion A of 7 CFR 278.1(b)(1), reversing the decision to withdraw Plaintiff's authorization to participate in the SNAP program, and for such other and further relief as may be just and proper.

**WITZEL KANZLER & DIMMITT LLC**

By: /s/ Jay L. Kanzler Jr.
    Jay L. Kanzler Jr. #41298
    2001 S. Big Bend Blvd.
    St. Louis, Missouri 63117
    Tel:   (314) 645-5367
    Fax:  (314) 645-5687

Attorneys for Plaintiff Fady Qumseya